# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| **IRMA GAITHER,**                    | * |                          |
| Plaintiff,                           | * |                          |
| v.                                   | * | Case No. RWT 15-cv-3148  |
| **SERAAJ FAMILY HOMES, INC., *ET AL.*,** | * |                      |
| Defendants.                          | * |                          |

## MEMORANDUM OPINION

Plaintiff filed a Complaint in the Circuit Court for Prince George's County, Maryland, against Seraaj Family Homes, Inc. ("Seraaj"), and the District of Columbia, alleging that her daughter was murdered as a result of the presence of an unidentified foster child in her home. ECF No. 3. On October 15, 2015, Defendant Seraaj removed the case to this Court. On October 26, 2015, both Defendants filed Motions to Dismiss. ECF No. 14, 15. After a hearing, on March 8, 2016, this Court granted both motions to dismiss and dismissed Plaintiff's Complaint with prejudice. ECF No. 33.

On May 4, 2017, more than one year after the entry of the judgment dismissing the Complaint, Plaintiff filed a Rule 60 Motion to Vacate Order Dismissing Action [ECF No. 37] on the grounds that a book about homicide investigations, *A Good Month for Murder*, published in June 2016, [1] constitutes newly discovered evidence that "tend[s] to show that the murder was a consequence of the presence of the foster child in the Plaintiff's home." ECF No. 37 at 3. On May 17, 2017, Defendant Seraaj filed a response in opposition to Plaintiff's motion

---

[1] DEL QUENTIN WILBER, A GOOD MONTH FOR MURDER: THE INSIDE STORY OF A HOMICIDE SQUAD (Henry Holt and Co. LLC 2016); *see also* MACMILLAN PUBLISHERS, https://us.macmillan.com/books/9780805098822 (last visited June 8, 2017) (listing June 7, 2016 as publication date).

[ECF No. 38], and on May 31, 2017, Plaintiff filed a reply to Defendant's opposition [ECF No. 41]. For the reasons that follow, Plaintiff's motion will be denied.

## I. Plaintiff failed to make any of the showings required by Rule 60(b).

"[B]efore a party may seek relief under Rule 60(b), a party must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the party has "crossed this initial threshold, [s]he then must satisfy one of the six specific sections of Rule 60(b)." *Id.* Rule 60(b) motions are "an extraordinary remedy which should be used sparingly." *Securities and Exchange Comm'n v. Tsao*, 317 F.R.D. 31, 36 (D. Md. 2016), *aff'd*, 671 Fed. App'x 157 (4th Cir. 2016). As described in detail below, Plaintiff has made none of the threshold showings, nor has she satisfied any of the six specific sections of Rule 60(b).

### a. Plaintiff's motion is untimely.

As Seraaj notes, it is unclear whether Plaintiff invokes Rule 60(b)(2), which provides relief from a final judgment on the grounds of "newly discovered evidence," or Rule 60(b)(6), which allows the court to relieve a party from a final judgment for "any other reason that justifies relief." However, Plaintiff does state that her "motion to vacate the order dismissing her action is supported by newly discovered evidence that was unavailable at the time the action was dismissed." ECF No. 37 at 2.

Rule 60(c) clearly states that a motion made under Rule 60(b)(2) "must be made. . .no more than a year after the entry of the judgment or order or the date of the proceeding," and Rule 6 expressly states that a "court *must* not extend the time to act under. . .[Rule] 60(b)" (emphasis added). Plaintiff does not dispute that her motion is "clearly beyond one year limit

2

prescribed by FRCP Rule 60(b)(2)." ECF No. 37 at 2. Therefore, to the extent that she brings her motion under Rule 60(b)(2), her motion is untimely.

A motion made under Rule 60(b)(6), by contrast, is not subject to the one-year limitations period, but rather must be made "within a reasonable time." Fed. R. Civ. P. 60(c). Plaintiff apparently reads Rule 60(b)(6) as allowing for relief from the one-year limitation on motions made on the basis of newly discovered evidence if extenuating circumstances are present. *See* ECF No. 37 at 2 ("The circumstances that have led to the filing of the instant motion would appear to be precisely of the nature for which Rule 60(b)(6) makes available relief beyond the one year limitation afforded by Rule 60(b)(2)."). The extenuating circumstance she cites here is that one of her attorneys, John P. Fatherree, was hospitalized on February 28, 2017, with a serious illness that prevented him from drafting the present motion within the one-year period. ECF No. 37 at 2. Plaintiff's interpretation is erroneous.

Rule 60(b)(6) clearly provides that it can be invoked only when a ground other than those listed in Rule 60(b)(1)-(5) justifies relief. *See Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) ("[Rule 60(b)(6)'s] context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)"). A "party may not circumvent the one year limitation for. . .new evidence claims by invoking the residual clause." *Vitol, S.A. v. Capri Marine, Ltd.*, Civ. No. MJG-09-3430, 2013 WL 2149754 at *2 (D. Md. May 14, 2013). Plaintiff has not identified any reason other than the alleged "newly discovered evidence" as a ground for relief, and appears simply to be attempting to circumvent the one-year limitations period for Rule 60(b)(2) motions.

Even if Plaintiff's motion was subject only to the "reasonable time" limitation found in Rule 60(b)(6), she has failed to demonstrate why her delay was reasonable—indeed, she claims only that because police provided information to Mr. Wilbur, "any early submission of the Rule 60 Motion would have been irresponsibly premature, inasmuch as there was an ongoing possibility that the police would develop[] more information." ECF No. 37 at 2. This speculation does not suffice to justify the delay in filing the motion nearly a year after the book was published.[2]

In short, regardless of whether Plaintiff filed her motion under Rule 60(b)(2) or Rule 60(b)(6), it is untimely. Therefore, the motion must be denied.

### b. Plaintiff failed to demonstrate a meritorious defense.

Plaintiff has not demonstrated a meritorious defense because the new "evidence"[3] does nothing to cure the deficiencies in her original Complaint. Indeed, the excerpts provided merely describe the investigating detective's speculation that the murderer may have been targeting the foster child rather than the actual victim. ECF No. 37-1 at 5. This "evidence" falls far short of pushing Plaintiff's claim that her daughter's murder was caused by the presence of the foster child in her home "across the line from conceivable to plausible." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff clearly has not established a meritorious defense, and her Rule 60(b) motion must be denied.

---

[2] Nor does it explain why Plaintiff's other counsel, Tyler J. King, could not have filed the motion. Plaintiff asserts only that the "responsibility for drafting and filing a Rule 60 Motion to vacate the order dismissing Ms. Gaither's complaint was solely Mr. Fatherree's." ECF No. 37 at 1. But Mr. King was Plaintiff's counsel of record for all prior proceedings—indeed, Mr. Fatherree did not enter his appearance until April 21, 2017. *See* ECF No. 36. Given that both counsel were in good health and able to file motions for more than eight months after the book was published, and that one of her attorneys remained able to file motions after the illness of his co-counsel, Plaintiff has not established that the May 4, 2017 filing date was reasonable.

[3] As discussed further below, the excerpts from the cited book are not evidence.

### c. Plaintiff failed to demonstrate a lack of prejudice to the opposing party and exceptional circumstances.

Assuming *arguendo* that Plaintiff's motion was timely and demonstrated a meritorious defense, she has utterly failed to even address the required showings of lack of prejudice to the opposing party and exceptional circumstances. The only exceptional circumstance she references is that of her attorney's hospitalization, which relates only to the timeliness of the motion, as discussed above.

Because Plaintiff has made none of the threshold showings required by Rule 60(b), her motion must be denied.

### d. Plaintiff has not provided newly discovered evidence.

Even if Plaintiff had satisfied any of the threshold burdens under Rule 60(b), her motion suffers from a final fatal flaw: the so-called "documentary literature" is not evidence. As Defendant explains, "there is no foundation for it having been based on the author's personal knowledge, it does not set out facts that would be admissible as evidence, it does not establish that the author is competent to testify on the matters stated, and it is not a declaration under penalty of perjury." ECF No. 38 at 11. Indeed, the excerpts provided contain only multiple levels of hearsay and mere reconstructions of actual events. Plaintiff has not even attempted to identify a basis under which the excerpts from this book could be admitted as evidence. Therefore, her Rule 60(b) motion based on newly discovered evidence must fail.

**II.     Conclusion**

For the reasons discussed above, Plaintiff has failed to make any of the showings required to support a motion under Rule 60(b). Accordingly, her motion will be denied. A separate Order follows.


Date: June 21, 2017                                             /s/
                                                    ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE